UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,                            Case No. 23-20676

      v.                                  HON. THOMAS L. LUDINGTON
                                         United States District Judge

D-5 ANTHONY THELEN,

      Defendant.
_____/

**UNITED STATES' RESPONSE TO DEFENDANT THELEN'S MOTION TO COMPEL IDENTIFICATION OF CO-DEFENDANT STATEMENTS TO BE OFFERED AT TRIAL AND TO EXCLUDE THEM OR, OR IN THE ALTERNATIVE, SEVER**

Invoking *Bruton v. United States*, 391 U.S. 123 (1968), defendant Thelen moves to exclude the admission of his co-defendants' statements at trial or, in the alternative, be severed for trial.[1] However, his co-defendants' statements, if slightly modified as proposed by the government, will not "directly implicate" Thelen or any of the non-

---

[1] On March 31, 2025, Thelen filed his motion. ECF No. 207 (the "Motion"). Defendants Ball, Semenchuk, and Jeffrey Bartlett subsequently joined in and adopted the Motion. ECF Nos. 215, 217, and 219. The government asks that this Response and the Court's ruling also apply to Ball's, Semenchuk's, and Jeffrey Bartlett's joinders.

declarant co-defendants and would be introduced subject to a proper limiting instruction. *See United States v. Samia,* 599 U.S. 635, 655 (2023). Therefore, the Court should deny the Motion.

## Issue Presented

Whether slightly modified versions of the co-defendants' statements may be introduced at trial subject to a limiting instruction without violating the confrontation rights of Thelen or other non-declarant co-defendants.

## Principal Authorities

- *United States v. Samia,* 599 U.S. 635 (2023)
- *Gray v. Maryland,* 523 U.S. 185 (1998)
- *Bruton v. United States*, 391 U.S. 123 (1968)
- *United States v. Ford*, 761 F.3d 641 (6th Cir. 2014)

## Relevant Factual Background

The defendants are charged with conspiracy to commit wire fraud, conspiracy to defraud the United States, and several counts of wire fraud/aiding and abetting. (ECF. 132, PageID.1516–19.) As the Court previously recognized, the charges arise from alleged fraudulent conduct by the defendants in three parts: namely, (i) falsely

representing SSI's ownership and therefore eligibility to qualify as a disadvantaged business entity to gain preferential contracting status as a participant in MDOT contracts; (ii) fraudulently inflating SSI's reimbursable overhead costs to inflate MDOT's reimbursement; and (iii) orchestrating a scheme to equally split the ill-gotten gains each year for each defendant's personal benefit. (ECF. 150, PageID.1623-24.)

During its investigation, the government interviewed all of the defendants, except for Semenchuk, on July 25, 2019, simultaneous with the execution of various search warrants. The government may seek to introduce at trial the following defendant statements:

- A recorded oral statement by defendant Adam Ball (transcribed);

- A written and signed letter by defendant Brian Bartlett;

- An oral statement by defendant Brian Bartlett (memorialized in two FBI 302s);

- An oral statement by defendant Jeffrey Bartlett (memorialized in two FBI 302s);

- An oral statement by defendant Thelen (memorialized in an FBI 302).[2]

---

[2] In his Motion, Thelen does not seek to exclude the admission at trial of his statement. (ECF No. 207, PageID.2328.) In their joinders, neither do defendants Ball, Semenchuk, and Jeffrey Bartlett.

3

Except Brian Bartlett's signed letter, each of the statements contains numerous admissions that directly incriminate the declarant and non-declarant co-defendants by name.

## Argument

In *Samia v. United States,* 599 U.S. 635 (2023), the Supreme Court held that the admission of a co-defendant's redacted and modified confession, replacing the defendant's name with the neutral reference "other person," coupled with a limiting instruction, did not violate the Confrontation Clause. *Samia,* 599 U.S. at 653-55. This was so even where the admitted statement indirectly incriminated the defendant "when linked with evidence introduced later at trial." *Id.* at 653.

The *Samia* Court found that this approach implicated neither *Bruton* (limiting instruction alone insufficient) nor *Gray v. Maryland,* 523 U.S. 185 (1998) (limiting instruction and redacted confession that left an obvious blank or using "deleted" improper):

> Accordingly, neither *Bruton, Richardson,* [which declined to extend *Bruton* to confessions that don't name defendant] nor *Gray* provides license to flyspeck trial transcripts in search of evidence that could give rise to a collateral inference that the defendant had been named in an altered confession.

Here, the District Court's admission of Stillwell's confession,

4

> accompanied by a limiting instruction, did not run afoul of this Court's precedents. Stillwell's confession was redacted to avoid naming Samia, satisfying *Bruton*'s rule. And, it was not obviously redacted in a manner resembling the confession in *Gray*; the neutral references to some "other person" were not akin to an obvious blank or the word "deleted." In fact, the redacted confession is strikingly similar to a hypothetical modified confession we looked upon favorably in *Gray,* where we posited that, instead of saying "'[m]e, deleted, deleted, and a few other guys,'" the witness could easily have said "'[m]e and a few other guys.'" Accordingly, it "fall[s] outside the narrow exception [*Bruton*] created."

*Id.*

In other words, a trial court may properly admit a redacted and modified confession of a co-defendant in a joint trial, so long as the admitted confession does not "directly implicate" the defendant. *Id.* at 652-53; *see also United States v. Brockway*, 2023 WL 5439219 at *3 (M.D. Tenn. April 23, 2023) (applying *Samia*). Moreover, the *Samia* rule expressly allows for the admission of statements that may indirectly implicate a defendant—that is, redacted or modified statements that might, when considered with other evidence at trial, give rise to an inference that the defendant was the person named in the altered statement. *Samia*, 599 U.S. at 652-53; *Richardson v. Marsh*, 481 U.S. 200, 208 (upholding the admission of a non-testifying codefendant's

5

confession with a proper limiting instruction where, at most, the confession only inferentially incriminated the defendant); *see also United States v. Ford*, 761 F.3d 641, 654 (6th Cir. 2014) (redacted statement that becomes incriminating to the defendant when linked to other evidence adduced at trial does not violate the Confrontation Clause when accompanied by a limiting instruction) (citations omitted); *United States v. Jett*, 908 F.3d 252, 275 (7th Cir. 2018) (same); *United States v. Ridings*, 75 F.4th 902, 906 (8th Cir. 2023) (*Bruton* not implicated when a non-testifying defendant's statement inculpates a co-defendant "inferentially-through linkage to other evidence") (citations omitted).

    Here, the government's admission at trial of the slightly modified statements (Exhibits A - F) will not violate Thelen's or his co-defendants' Confrontation Clause rights.[3] Where the unmodified statement refers to a single non-declarant co-defendant, the government has generally substituted the phrase "other person" or "another person." Where the unmodified statement refers to more than one non-declarant co-defendants, the government has generally

---

[3] Contemporaneous with the filing of this Response, the government has filed a Motion to Seal the accompanying exhibits. Once the Motion to Seal is decided by the Court, the government will file the exhibits accordingly.

6

substituted the phrase "other persons." Accordingly, the modified statements do not make any reference to the non-declarant co-defendants by name or otherwise *directly* implicate them. And even if the modified statements may *indirectly* implicate the non-declarant co-defendants when considered with other evidence introduced at trial, those statements are still admissible subject to an appropriate limiting instruction. *See Samia*, 599 U.S. at 652-53. The government proposes such a limiting instruction at Exhibit G.

Admitting the modified statements in a joint trial will conform with *Samia* and the Confrontation Clause. Doing so will avoid the need for severance and protect the "vital role" that joint trials play in the criminal justice system, "preserve government resources," and "encourage consistent verdicts and enable more accurate assessments of relative culpability." *Id*. at 654. And, it permits the use of confessions that the Court has said are "essential to society's compelling interest in finding, convicting, and punishing those who violate the law." *Id*. at 655 (citation omitted).

In the Motion, Thelen asks the Court to order the government to: (1) identify the specific co-defendant statements it intends to use in its

case-in-chief; (2) produce complete recordings and transcriptions of those statements it intends to use; and (3) produce any proposed redactions it intends to make to those statements. (ECF. 207. PageID.2325–26, 2330-32, and 2335.) By this response, the government has addressed each request.

## Conclusion

For the foregoing reasons, the Court should deny the Motion.

Respectfully submitted,

JEROME F. GORGON JR.
United States Attorney


 /s/ T. Patrick Martin
T. Patrick Martin
Karen Reynolds
Assistant United States Attorneys
211 W. Fort Street, Suite 2001
Detroit, MI 48226
Thomas.Martin@usdoj.gov
(313) 226-9168
MI Bar No. P86940

May 27, 2025

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 27, 2025, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send notification of such filing to the attorneys of record.

*/s/ T. Patrick Martin*
T. Patrick Martin
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, MI 48226
Thomas.Martin@usdoj.gov
(313) 226-9168
MI Bar No. P86940