UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,                           Case No. 1:23-cr-20676

v.                                        Honorable Thomas L. Ludington
                                           United States District Judge

JEFFREY BARTLETT, et al.,

      Defendants.

_____/

**ORDER CANCELLING EVIDENTIARY HEARING**

Trial in the above-captioned case is scheduled to begin in late September 2025. On March 31, 2025, the Government filed a motion seeking a pretrial hearing to determine the admissibility of business records under the exception to hearsay articulated in Rule 803(6). ECF No. 212. In its motion, the Government explained that it intended to provide Defendants with a "preliminary evidence list" "by the beginning of May" 2025. *Id.* at PageID.2387. Thereafter, the Government averred it would seek Defendants' stipulation as to the admissibility of as many records as possible. *Id.* The requested evidentiary hearing would involve only those "unstipulated-to" records. *Id.* at PageID.2386.

Defendants did not oppose the Government's motion. So, on June 23, 2025, this Court granted it. ECF No. 240 at PageID.2755. This Court scheduled the evidentiary hearing to occur on July 11, 2025, at 10:00 A.M., immediately preceding the *Lafler* hearing and final pretrial conference already scheduled to occur that same day and time. *Id.* at PageID.2756 (referencing ECF No. 203). To adequately prepare for the hearing, this Court directed the Government to file its "preliminary evidence list" under seal by July 7, 2025. *Id.* at PageID.2757–58. And this Court similarly directed Defendants to file, on or before July 7, 2025, a list of the specific business

records from the Government's list that they contend do not fall within 803(6)'s exception to hearsay. *Id.*

But at a virtual status conference held immediately after this Court issued the June 23 Opinion & Order, it was revealed that the Government did *not* provide Defendants with its "preliminary evidence list" as it represented it anticipated doing in early May. Indeed, according to Defendants, they did not receive the preliminary evidence list until June 27, 2025. ECF No. 248 at PageID.2893 (sealed). And, at bottom, it seems no efforts to stipulate and narrow the evidentiary issues have occurred.

There's more. On July 7, 2025, Defendants filed their response to this Court's June 23, Order. *Id.* Out of the 273 pieces of evidence the Government seemingly included on its preliminary list, Defendants contend that 251 do not fall within 803(6)'s exception to hearsay. *See generally id.* at PageID. 2895–949. In other words, Defendants object to 92% of the evidence that the Government anticipates producing at trial, and this percentage only includes objections on narrow hearsay grounds. But what grounds, specifically, do Defendants argue each record is inadmissible? This Court hasn't a clue. Despite this Court's direction that they "briefly explain[] their evidentiary argument as to each challenged record," ECF No. 240 at PageID.2758, Defendants simply state that the "Government cannot show or has not shown" each proposed exhibit's admissibility under Rule 803(6).

But at least Defendants filed something. Although it seems the Government provided its preliminary exhibit list to Defendants, it did not—as directed—file this list under seal for this Court's review in advance of the scheduled evidentiary hearing. *See* ECF No. 240 at PageID.2757–58. And the deadline to do so has passed. *See id.*

- 3 -

So, three days before the scheduled hearing, this Court is left with 251 objections to records the Government has not provided, for reasons Defendants have not explained. This type of hearing—far from the one envisioned by the Court based on the Parties' pleadings—would not serve the interests of judicial efficiency. This Court will not risk erroneous evidentiary rulings at a rapid-fire hearing devoid of thorough arguments and necessary context. At this juncture, it makes far more sense to determine the admissibility of each record as they are presented at trial, when the undersigned can adequately consider 803(6)'s prerequisites such as the author or the record, the timing each record was created, and whether the record was made and kept in the ordinary course of business. *See* FED. R. EVID. 803(6).

Accordingly, it is **ORDERED** that the evidentiary hearing scheduled for Friday, July 11, 2025, at 10:00 AM is **CANCELLED**. The *Lafler* hearing and final pretrial conference will occur as scheduled. *See* ECF No. 240.

**This is not a final order and does not close the above-captioned case.**

Dated: July 8, 2025               s/Thomas L. Ludington
                                  THOMAS L. LUDINGTON
                                  United States District Judge